UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES E. FRANKLIN, SR,

    Plaintiff,

        v.

HEIDI L. STEINMEYER and MAACO
COLLISION REPAIR AND AUTO
PAINTING

    Defendant.

Case No. 14-cv-900-JPG-SCW

## MEMORANDUM AND ORDER

    This matter comes before the Court on plaintiff Charles E. Franklin, Sr.'s motion for leave to proceed *in forma pauperis* (Doc. 2) and motion for service of process at government expense (Doc. 3).  This case arises from a disagreement Franklin, who is African-American, had with defendant Heidi L. Steinmeyer, the manager of a MAACO Collision Repair and Auto Painting store, concerning the repair of his vehicle, which Franklin believed was taking longer than it should and was never completed.  Franklin ended up calling the police and Steinmeyer became hostile to him.  He alleges she was rude to him and a MAACO customer service representative hung up on him when he tried to find out when he could return to get his car repaired.

    Having reviewed the complaint, the Court believes Franklin also intended to name MAACO Collision Repair and Auto Painting.  Accordingly, the Court **DIRECTS** the Clerk of Court to add this entity as a defendant in this case.

    As for Franklin's motion for leave to proceed *in forma pauperis*, a federal court may permit an indigent party to proceed without pre-payment of fees.  28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim.  28 U.S.C.

§ 1915(e)(2)(B)(i) & (ii).   The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);   *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).   An action fails to state a claim if it does not allege facts sufficient to plausibly suggest a right to relief above a speculative level.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court is satisfied from Franklin's affidavit that he is indigent.   However, it does not believe Franklin has pled enough facts to plausibly state a claim for discrimination.   He alleges how he was mistreated by the defendants, and that he is African-American, but none of the facts he pleads plausibly suggests that treatment was *because of* his race, the critical question in any discrimination claim.   In fact, he does not even allege that his mistreatment was because of his race.   There are simply not enough facts alleged which, if true, allow the reasonable inference that the defendants are liable for discrimination.

Ordinarily, the Court would allow a plaintiff to replead a complaint where he simply did not include enough facts in the original pleading.   However, the Court does not believe that, even if Franklin had pled sufficient facts to reasonably support an inference of discrimination, he would not state a federal cause of action.   He would not allege a cause of action under 42 U.S.C. § 1981, which prohibits discrimination in making and enforcing contracts, because his gripe is with MAACO and its employees' rudeness, not with their willingness to make, perform, modify or terminate a contract with him.   The Court cannot discern any other federal cause of action that could be mounted because the defendants were rude to Franklin.

For these reason, the Court **DENIES** Franklin's motion for leave to proceed *in forma*

*pauperis* (Doc. 2), **DISMISSES** this case **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **DIRECTS** the Clerk of Court to enter judgment accordingly.  In light of this disposition, Franklin's motion for service of process at government expense (Doc. 3) is rendered **MOOT.**

**IT IS SO ORDERED.**
**DATED:   September 4, 2014**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**